## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Case No.: 21-cv-21811-MGC

EL TORO LOCO CHURRASCARIA, LLC,
a Florida limited liability company,
and ETLC TRADEMARKS, LLC,
a Florida limited liability company,

      Plaintiffs,

v.

OUNZE CORPORATE, LLC, a Florida
limited liability company d/b/a Ole.Ole
Steakhouse, CATALINA GAMBOA ORTEGA,
an individual, and EDUARDO HERNANDEZ,
an individual,

      Defendants.

_____/

### AMENDED COMPLAINT

Plaintiffs, EL TORO LOCO CHURRASCARIA, LLC and ETLC TRADEMARKS, LLC

("Plaintiffs" or individually "EL TORO" or "ETLC") sues Defendant, OUNZE CORPORATE,

LLC, d/b/a Ole.Ole Steakhouse, Defendant, CATALINA GAMBOA ORTEGA, an individual, and

Defendant, EDUARDO HERNANDEZ, an individual, and alleges:

### Jurisdiction

1.    This action involves issues of federal law and therefore this Court has original

jurisdiction over this action.

### Parties and Venue

2.    Plaintiff, EL TORO LOCO CHURRASCARIA, LLC ("EL TORO") is a Florida

for profit Limited Liability Company with is principal location in Miami-Dade County, Florida.

3.    Plaintiff, ETLC TRADEMARKS, LLC is a Florida for profit Limited Liability

Company with is principal location in Miami-Dade County, Florida.

4.      Defendant, OUNZE CORPORATE, LLC ("OUNZE"), is a Florida for profit Limited Liability Company d/b/a "Ole.Ole Steakhouse" with its principal restaurant location at 626 Lincoln Road, Miami Beach, Miami-Dade County, Florida, and its corporate "headquarters" located at 8934 Harding Avenue, Surfside, Florida 33154.

5.      Defendant, CATALINA GAMBOA ORTEGA ("Ms. Ortega") is an individual and upon reasonable information and belief resides in Miami-Dade County, Florida and was hired by Plaintiff to perform work for Plaintiff's restaurant in Miami-Dade County, Florida.

6.      Defendant, EDUARDO HERNANDEZ ("Mr. Hernandez") is an individual and upon reasonable information and belief resides in Miami-Dade County, Florida and was hired by Plaintiff to perform work for Plaintiff's restaurant in Miami-Dade County, Florida.

7.      Venue is proper in that, at the time of the injury, products, materials or things processed, serviced or manufactured by Defendants were used or consumed within the State of Florida in the ordinary course of commerce, trade or use, including within Miami-Dade County.

8.      Venue is also proper in that, the actions complained of herein occurred within Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

9.      EL TORO operates nine (9) restaurants, and its website is located at https://eltorolocochurrascaria.com/.

10.     The theme of the EL TORO restaurants is a Brazilian steakhouse or a "Churrascaria."

11.     The owners of EL TORO are Mara and Aldo Espinosa. Both are Cuban immigrants

who came to South Florida in 1995.

12.     In 2014, EL TORO opened its first food truck which was in Miami.

13.     In 2016, EL TORO opened its first brick and motor location in Tamiami.

14.     In 2017, EL TORO opened is first franchise location in Tamiami.

15.     EL TORO currently has nine (9) El Toro Loco locations of which seven (7) are franchise restaurants.

16.     There is currently one (1) new franchise store that is planned to open within the next few months.

17.     The EL TORO restaurant menu ("Menu") was created by the corporate franchiser, EL TORO, and is used at all the locations.

18.     While the idea of a Churrascaria restaurant is not new or unique, the compilation of the EL TORO Menu is distinctive.

19.     In or about July 2019, Plaintiffs hired two marketing professionals, Mr. Hernandez and Ms. Ortega.

20.     The marketing professionals were hired to assist in actualizing the menu ideas and concepts given to them by EL TORO's owners and the EL TORO internal marketing team.

21.     EL TORO's owners and internal marketing team had many unique ideas and concepts for the EL TORO Menus.

22.     Mr. Hernandez and Ms. Ortega were specifically hired to take the distinctive menu ideas and concepts and to actualize the ideas into several unique EL TORO Menus.

23.     Mr. Hernandez and Ms. Ortega performed the job they were hired to produce the EL TORO Menus as instructed by using the unique ideas and concepts provided by EL TORO.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

24.     Mr. Hernandez and Ms. Ortega were independent contractors and were paid for the work they performed in actualizing the food Menus for EL TORO.

25.     After the EL TORO Menus were created and put into use, Mr. Hernandez and Ms. Ortega continued to work for EL TORO as independent contractors using the unique compilations of pictures and descriptions that comprised the EL TORO Menus.

26.     The EL TORO restaurants and its Menus have a unique and distinctive look.  *See* **Exhibit "1."**

27.     The EL TORO Menu is a compilation of pictures of Brazilian and Latin food dishes in a menu and arranged in various patterns.  The EL TORO Menus contain EL TORO's trade dress.

28.     The EL TORO Menu uses a "wood grain" or "wood planking" background.

29.     The EL TORO Menu presents the various meats offered for sale on skewers (swords) surrounded and accompanied by red and yellow flames.

30.     On the EL TORO Menu, meats are arranged on wooden platters (called "Picadas") which are accompanied by various side dishes and sauces.

31.     The EL TORO Menu uses six distinctive colors: red, brown, beige, green, yellow, and black – several of the colors (4) are a unique shade of: Brown (2), Green (1), and Yellow (1).

32.     The EL TORO Menu depicts a trademarked long-horned bullhead on the Menu.

33.     The EL TORO Menu is the culmination of hundreds of hours of labor and considerable expense.

34.     One of the secrets to EL TORO's success is the presentation of its Menu as well as the unique terms it has used to name the Menu items.

35.     The Churrascaria platter ("Picada") is distinctive to the EL TORO Menu and is available at all its locations.

36.     The term "Picada" is unique to EL TORO's Brazilian style steakhouse.

37.     "Picada" or "Picada Colombiana" is a term used for a Colombian dish prepared with pieces of steak, chicken, arepa, potato, yuca (cassava), morcilla, chorizo and plantain, and it historically has very little or zero connection to a Brazilian steakhouse or a Churrascaria.

38.     "The Picada" at EL TORO is comprised of different styled meats, cut into smaller pieces and served on a wooden tray.  *See* **Exhibit "2."**

39.     "The Picada" is one of the most popular items ordered at El Toro Loco.

40.     ETLC TRADEMARKS, LLC owns the trademark El Toro Loco "Bull's Head" USPTO Serial Number 87927139 with a Registration Date of June 25, 2019.

41.     ETLC TRADEMARKS, LLC owns the service mark "El Toro Loco Churrascaria" USPTO Serial Number 87919552 with a Registration Date of January 1, 2019.

42.     The TORO LOCO CHURRASCARIA trademark is a fanciful mark consisting of a "Bull's Head" such that it is intrinsically imbued with "secondary meaning" on its menus, its stores, its business cards, and other restaurant marketing materials and paraphernalia.

43.     Through the work performed by Ms. Ortega and Mr. Hernandez for EL TORO, they became aware of EL TORO's Menus, trade dress, business operations, customers, suppliers, creative ideas, marketing ideas, design ideas, photographs and collections of photographs and other confidential and proprietary trade secrets (collectively referred to herein as "Trade Secrets") and its customers.

44.     EL TORO's Trade Secrets are not readily accessible nor available to the general public.

45.     EL TORO's Trade Secrets are only disclosed by Plaintiffs to select persons and only for the purpose of benefiting Plaintiffs.

46.     EL TORO's Trade Secrets provide an advantage to Plaintiffs in their business.

47.     EL TORO's Trade Secrets are inherently distinctive and have acquitted secondary meaning through EL TORO's use of same since its inception.

48.     EL TORO's has used its Trade Secrets in its advertising, promotional materials and online presence in order to promote its brand and goodwill  .

49.     EL TORO's Trade Secrets serve to identify EL TORO's brand to the public.

50.     The disclosure of EL TORO's Trade Secrets to non-authorized persons or entities would provide such persons or entities with an unfair business advantage over EL TORO in that such other persons or entities could use EL TORO's Trade Secrets to compete with and to the detriment of EL TORO's business.

51.     EL TORO's took reasonable measures to prevent their Trade Secrets from being accessible to persons other than those selected by EL TORO.

52.     Specifically, EL TORO disclosed their Trade Secrets only to their ownership and management, and not all of their employees.  EL TORO's own employees to whom the Trade Secrets were disclosed were all required to guard access to the trade secrets including by having passwords on their computers.

53.     Plaintiffs disclosed their Trade Secrets and trademarks to Mr. Hernandez and Ms. Ortega solely for the purposes for which Mr. Hernandez and Ms. Ortega were hired, namely, to assist in actualizing the Menu ideas and concepts given to them by EL TORO's owners and the EL TORO internal marketing team.

54.     Despite the lack of a confidentiality agreement with Mr. Hernandez and Ms. Ortega, Plaintiffs were entitled to rely upon the well-settled legal principle that the law will import into every contract of employment a prohibition against the use of a trade secret by employees/independent contractors for their own benefit, to the detriment of the employer, if the secret was acquired by employees/independent contractors in the course of their employment.

55.     Plaintiffs relied upon this duty of Mr. Hernandez and Ms. Ortega to maintain the secrecy of EL TORO's Trade Secrets and to not use the trade secrets to EL TORO's detriment by sharing the Trade Secrets with EL TORO's competitors.

56.     Mr. Hernandez and Ms. Ortega knew or should have known that they were not allowed to use, sell or share with anyone the Trade Secrets.

57.     Upon information and belief, Mr. Hernandez and Ms. Ortega secretly approached OUNZE and its Ole.Ole Steakhouse restaurant and offered to sell the Trade Secrets, for a fee.

58.     OUNZE knew or should have known that it was not allowed to buy, use or share the Trade Secrets.

59.     Upon information and belief, OUNZE accepted the offer by Mr. Hernandez and Ms. Ortega to sell the EL TORO Trade Secrets, for a fee.

60.     Included within the Trade Secrets was the unique EL TORO Menu, which was shared with OUNZE by Ms. Ortega and Mr. Hernandez, which is comprised of a compilation of pictures, unique language/words, design effects, layout and a logo.

61.     Prior to opening of Ole.Ole Steakhouse, OUNZE was operating a restaurant known as Tapelia that served Spanish style dishes.

62.     Now, OUNZE's Ole.Ole Steakhouse menu also offers a selection of meats served on a wooden tray called "Picadas."  *See* **Exhibit "3."**

63.     Indeed, the tray that is portrayed in the Ole.Ole Steakhouse Menu is owned by EL TORO and is a "Picada tray" that was provided to Ms. Ortega and Mr. Hernandez for the sole purpose of taking pictures for the EL TORO Menu.

64.     OUNZE's Ole.Ole Steakhouse menu also offers "signature meats" which is also a term used by EL TORO on its Menu prior to the creation of the Ole.Ole Steakhouse menu.

65.     In violation of ETLC TRADEMARKS, LLC's trademark rights, OUNZE is also using the trademarked Bull's Head on its store front, menus, napkins, signage, advertising, advertising boards, umbrellas, promotional videos, online advertising and social media. *See* **Exhibit "4."**

66.     Similarly, in connection with a website sponsored by OUNZE and accessible around the United States, including in Florida, and within Miami-Dade County, OUNZE's Ole.Ole Steakhouse holds itself out as making available for sale items on a menu that is identical to the EL TORO Menu which contains EL TORO's registered trademark and trade dress.

67.     All conditions precedent to bring this action have been met, satisfied or waived.

## COUNT I
## BREACH OF IMPLIED IN FACT CONTRACT
## AGAINST ORTEGA AND HERNANDEZ

68.     Plaintiff incorporates by reference paragraphs 1 through 67 of this Complaint as if fully set forth herein.

69.     Plaintiff hired Mr. Hernandez and Ms. Ortega specifically to take the unique menu ideas and concepts and use them to produce several unique EL TORO Menus.

70.     The agreement between EL TORO and Ms. Ortega and Mr. Hernandez constituted a contract implied in fact.

71.     Mr. Hernandez and Ms. Ortega performed the job they were hired to do by producing the EL TORO Menus as instructed by using the unique ideas and concepts provided by EL TORO.

72.     After the EL TORO Menus were created and put into use, Mr. Hernandez and Ms. Ortega continued to work for EL TORO as independent contractors using the unique compilations of pictures and descriptions that comprised the EL TORO Menus.

73.     Ms. Ortega and Mr. Hernandez were paid all amounts due by EL TORO.

74.     Implied in the contract between Plaintiffs and Ms. Ortega and Mr. Hernandez was the understanding that Ms. Ortega and Mr. Hernandez would turn over all copies of the pictures which were taken to EL TORO and that they would not sell or share EL TORO Trade Secrets for its restaurants and Menus with any third-parties, and further that Ms. Ortega and Mr. Hernandez would not use same for any other purpose except to benefit EL TORO.

75.     Ms. Ortega and Mr. Hernandez willfully breached the implied in fact contract by selling EL TORO's Trade Secrets and its uniquely designed Menus to OUNZE.

76.     OUNZE then used EL TORO's Trade Secrets and its uniquely designed Menus in furtherance of OUNZE's business interests including using a rendering of ETLC's trademark.

77.     EL TORO and ETLC have been damaged as a result.

**WHEREFORE**, Plaintiff, EL TORO LOCO CHURRASCARIA, LLC and ETLC TRADEMARKS, LLC demand judgment against Ms. Ortega and Mr. Hernandez, and pray this Court grant the following:

a.      Enter judgment that Ms. Ortega and Mr. Hernandez breached the implied in fact contract;

b.      Award Plaintiffs damages caused by the breach of implied in fact contract;

c.      Grant Plaintiffs preliminary and permanent injunctive relief enjoining Ms. Ortega and Mr. Hernandez from selling, sharing, disseminating or disclosing to anyone EL TORO's Trade Secrets and its Menus, and further enjoining them from using same to benefit or enrich themselves;

d.      Award EL TORO its costs; and

e.      Award EL TORO all other relief this Court deems just and equitable, including but not limited to pre-judgment and post judgment interest.

**COUNT II**
**TRADEMARK INFRINGEMENT AGAINST OUNZE**

78.      Plaintiffs incorporate by reference paragraphs 1 through 67 of this Complaint as if fully set forth herein.

79.      Plaintiffs' use of its various trademarks, service marks, logos, labels, designs, menu items and online presence predates any alleged use by OUNZE in the United States.

80.      At all times pertinent to this Complaint, OUNZE was given access to Plaintiffs' trademarks, service marks, logos, labels, designs and menu items based on the unauthorized disclosure of same to OUNZE by Ms. Ortega and Mr. Hernandez.

81.      Ms. Ortega and Mr. Hernandez had no authority or permission from Plaintiff to disseminate to OUNZE any of Plaintiffs' trademarks, slogans or logos.

82.      OUNZE had no authority or permission from Plaintiffs to use Plaintiffs' trademarks, service marks, logos, labels, designs or menu items in OUNZE's business.

83.      OUNZE, with no authority, permission, or license, modeled its business off of Plaintiffs' trademarks, service marks, logos, labels, designs and menu items including the coloring, menu items offerings, marketing designs, menu designs, slogans, text and advertising copy, and

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

pictures. The misappropriation includes ongoing use of a near-identical menu to that of EL TORO's Menu and near identical menu items, including many of the same item names. OUNZE's printed menu items are organized in the same general fashion and order as EL TORO's printed Menu and OUNZE's digital or online Menus are likewise organized in the same general order as EL TORO's digital or online Menus.

84.     OUNZE is also using the trademarked Bull's Head on its store front, menus, napkins, signage, advertising, advertising boards, umbrellas, promotional videos, online advertising and social media.

85.     OUNZE's use of the trademarks, service marks, logos, labels, designs and menu items, likeness, images, slogans and references to Plaintiffs' products is likely to deceive and cause confusion and mistake among consumers, customers, and potential future franchisees as to the source and origin of the goods provided or offered by OUNZE.

86.     Specifically, OUNZE is openly and intentionally using ETLC's trademarks in its stores, its menus, and in its online presence through its website and social media accounts such as Twitter and Facebook.

87.     OUNZE's willful misappropriation of ETLC's trademarks include without limitation Defendant's infringement of ETLC's "El Toro Loco Churrascaria" and the "El Toro Loco" trademarks.

88.     OUNZE's use of Plaintiffs' trademarks is likely to deceive and cause confusion and mistake among consumers, customers, and potential future franchisees as to the source and origin of the goods provided or offered by OUNZE.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

89.     Plaintiffs have not authorized, licensed or otherwise condoned or consented to OUNZE's use of any of Plaintiffs' trademarks, service marks, logos, labels, designs, menu items and/or slogans.

90.     OUNZE has misappropriated and continues to misappropriate Plaintiffs' substantial property rights as well as the goodwill associated with Plaintiffs' brand.

91.     OUNZE's multiple acts of trademark infringement are each intentional, willful and malicious and made specifically with the intent to unlawfully profit same and to directly compete with Plaintiffs by operating a near-identical restaurant and concept.

92.     Unless restrained and enjoined by this Court, such conduct will continue and will permit OUNZE to improperly interfere with Plaintiffs' continued promotion and expansion of the EL TORO franchise, brand, trademarks and business.

93.     As a result of OUNZE's ongoing unlawful activity under 15 U.S.C. § 1125, and Florida law, Plaintiffs have suffered and continue to suffer irreparable harm and damages in an amount that is not presently ascertainable.

94.     OUNZE's multiple acts of infringement are each intentional, willful and malicious.

95.     Therefore, Plaintiffs are entitled to remedies that include injunctive relief and monetary damages, including but not limited to, all OUNZE's profits caused by its trademark infringement, all of Plaintiffs' losses caused by OUNZE's trademark infringement, treble damages and attorney's fees.

**WHEREFORE**, Plaintiffs, EL TORO LOCO CHURRASCARIA, LLC and ETLC TRADEMARKS, LLC demand judgment against OUNZE, and pray this Court grant the following:

a. Enter judgment that OUNZE has infringed ETLC's Trademarks;

b. Pursuant to 15 U.S.C. § 1116(a), grant Plaintiffs preliminary and permanent injunctive relief enjoining OUNZE from representing in commercial advertising or promotion of its menu or restaurant in the United States that OUNZE is the creator of the Menu or the "Bull's Head";

c. Award Plaintiffs monetary damages in an amount to be proven at trial, costs and prejudgment interest pursuant to 15 U.S.C. § 1117(a)(2);

d. Award Plaintiffs treble damages;

e. Award Plaintiffs all profits which OUNZE derived from its use in commerce or false and misleading use of the Menu together with the "Bull's Head" in connection with OUNZE's business pursuant to 15 U.S.C. 1117(a)(1); and

f. Award Plaintiffs attorneys' fees and costs in this action pursuant to 15 U.S.C. § 1117(a)(3);

g. Award Plaintiffs all other relief this Court deems just and equitable, including but not limited to pre-judgment and post judgement interest.

**COUNT III**
**TRADE DRESS INFRINGEMENT AGAINST OUNZE**

96.     Plaintiffs incorporate by reference paragraphs 1 through 67 of this Complaint as if fully set forth herein.

97.     Plaintiffs' use of its various service marks, trade dress, logos, labels, designs, menu items, and online presence predates any alleged use by OUNZE in the United States.

98.     At all times pertinent to this Complaint, OUNZE was given access to Plaintiffs' trade dress based on the unauthorized disclosure of same to OUNZE by Ms. Ortega and Mr. Hernandez.

99.     Ms. Ortega and Mr. Hernandez had no authority or permission from Plaintiff to disseminate to OUNZE any of Plaintiffs' trade dress.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

100.     OUNZE had no authority or permission from Plaintiffs to use Plaintiffs' trade dress in OUNZE's business.

101.     OUNZE, with no authority, permission, or license, modeled its business off of Plaintiffs' trade dress including the coloring, menu items offerings, marketing designs, menu designs, slogans, text and advertising copy, and pictures. The misappropriation includes ongoing use of a near-identical menu to that of EL TORO's Menu and near identical menu items, including many of the item names.  OUNZE's printed menu items are organized in the same general fashion and order as EL TORO's printed Menu and OUNZE's digital or online Menus are likewise organized in the same general order as EL TORO's digital or online Menus.

102.     OUNZE's use of Plaintiff's EL TORO's trade dress and references to Plaintiffs' products is likely to deceive and cause confusion and mistake among consumers, customers, and potential future franchisees as to the source and origin of the goods provided or offered by OUNZE.

103.     Specifically, OUNZE is openly and intentionally using ETLC trade dress in its stores, its menus, and in its online presence through its website and social media accounts such as Twitter and Facebook.

104.     OUNZE's use of Plaintiffs' trade dress is likely to deceive and cause confusion and mistake among consumers, customers, and potential future franchisees as to the source and origin of the goods provided or offered by OUNZE.

105.     Plaintiffs have not authorized, licensed or otherwise condoned or consented to OUNZE's use of any of Plaintiffs' trade dress.

106.     OUNZE has misappropriated and continues to misappropriate Plaintiffs' substantial property rights as well as the goodwill associated with Plaintiffs' brand.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

107.    OUNZE's multiple acts of trade dress infringement are each intentional, willful and malicious and made specifically with the intent to unlawfully profit same and to directly compete with Plaintiffs by operating a near-identical restaurant and concept.

108.    Unless restrained and enjoined by this Court, such conduct will continue and will permit OUNZE to improperly interfere with Plaintiffs' continued promotion and expansion of the EL TORO franchise, brand and business.

109.    As a result of OUNZE's ongoing unlawful activity under 15 U.S.C. § 1125, and Florida law, Plaintiffs have suffered and continue to suffer irreparable harm and damages in an amount that is not presently ascertainable.

110.    OUNZE's multiple acts of infringement are each intentional, willful and malicious.

111.    Therefore, Plaintiffs are entitled to remedies that include injunctive relief and monetary damages, including but not limited to, all OUNZE's profits caused by its trade dress infringement, all of Plaintiffs' losses caused by OUNZE's trade dress infringement, treble damages and attorney's fees.

**WHEREFORE**, Plaintiffs, EL TORO LOCO CHURRASCARIA, LLC and ETLC TRADEMARKS, LLC demand judgment against OUNZE, and pray this Court grant the following:

a.  Enter judgment that OUNZE has infringed Plaintiffs' trade dress;

b.  Pursuant to 15 U.S.C. § 1116(a), grant Plaintiffs preliminary and permanent injunctive relief enjoining OUNZE from representing in commercial advertising or promotion of its menu or restaurant in the United States that OUNZE is the creator of EL TORO's trade dress;

c.  Award Plaintiffs monetary damages in an amount to be proven at trial, costs and prejudgment interest pursuant to 15 U.S.C. § 1117(a)(2);

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

d.  Award Plaintiffs treble damages;

e.  Award Plaintiffs all profits OUNZE derived from its use in commerce or false and misleading use of the Menu together with Plaintiffs' trade dress in connection with OUNZE's business pursuant to 15 U.S.C. 1117(a)(1); and

f.  Award Plaintiffs attorneys' fees and costs in this action pursuant to 15 U.S.C. § 1117(a)(3);

g.  Award Plaintiffs all other relief this Court deems just and equitable, including but not limited to pre-judgment and post judgement interest.

**COUNT IV**
**VIOLATION OF FLORIDA UNIFORM TRADE SECRETS ACT AGAINST OUNZE**

112.    EL TORO incorporates by reference paragraphs 1 through 67 of this Complaint as if fully set forth herein.

113.    This is an action for damages as a result of OUNZE's violations of the Florida Uniform Trade Secrets Act, Fla. Stat. § 688.001, *et seq*.

114.    EL TORO took reasonable efforts to protect its Trade Secrets and to keep them secret.

115.    EL TORO's Trade Secrets are of significant value to EL TORO and are used by EL TORO in furtherance of its business.

116.    EL TORO's Trade Secrets are of advantage to EL TORO's business and provide EL TORO an opportunity to obtain an advantage over those who do not know or use EL TORO's Trade Secrets.

117.    EL TORO took measures to prevent its Trade Secrets from becoming available to persons other than those selected by EL TORO to have access thereto for limited purposes.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

118.    Through the work performed by Ms. Ortega and Mr. Hernandez for EL TORO, they became aware of EL TORO's Trade Secrets.

119.    Without permission or authorization from EL TORO, Ms. Ortega and Mr. Hernandez misappropriated EL TORO's Trade Secrets and sold and/or shared them with OUNZE.

120.    By selling and/or sharing EL TORO's Trade Secrets with OUNZE, Ms. Ortega and Mr. Hernandez knowingly used improper means to misappropriate EL TORO's Trade Secrets for their own economic benefit.

121.    OUNZE is using EL TORO's Trade Secrets without EL TORO's permission or authorization.

122.    By using EL TORO's Trade Secrets in the operation of OUNZE's restaurant, OUNZE has knowingly used improper means to misappropriate EL TORO's Trade Secrets for OUNZE's economic benefit.

123.    The conduct by OUNZE is deliberate and willful and has been committed with the intent to cause confusion and mistake, to deceive the public and/or to misrepresent the affiliation, connection or sponsorship of OUNZE's goods and commercial activities with EL TORO's brand and restaurant.

124.    As a result of the ongoing unlawful activity by OUNZE, EL TORO has suffered and continues to suffer irreparable harm and damages in an amount that is not presently ascertainable.

125.    Unless restrained and enjoined by this Court, such conduct will continue and will permit OUNZE to misappropriate and use EL TORO's Trade Secrets to damage EL TORO business.

126.    Pursuant to Fla. Stat., § 688.004, EL TORO is entitled to exemplary damages.

127.    By engaging in the conduct described above, OUNZE has directly benefitted, including without limitation unjust benefits, from its unlawful use, misappropriation and infringement of EL TORO's Trade Secrets, brand, reputation, slogans and trade dress.

128.    OUNZE has unlawfully benefitted from valuable business information known only to it by its unlawful appropriation of EL TORO's Trade Secrets, brand, reputation, slogans and trade dress.

129.    As a result, OUNZE has been unjustly enriched by taking advantage of EL TORO's Trade Secrets, brand, reputation, slogans and trade dress, all which EL TORO invested significant economic value and time into developing.

130.    The circumstances render OUNZE's retention of the benefit inequitable unless OUNZE pays EL TORO the value of the benefit.

131.    EL TORO is entitled to damages as a result of OUNZE's unjust enrichment.

**WHEREFORE**, Plaintiff, EL TORO LOCO CHURRASCARIA, LLC demands judgment against OUNZE, and prays this Court grant the following:

a.    Enter judgment that OUNZE has violated Florida's Uniform Trade Secret Act;

b.    Grant EL TORO preliminary and permanent injunctive relief enjoining OUNZE from using and misappropriating EL TORO's Trade Secrets;

c.    Award Plaintiff monetary damages in an amount to be proven at trial, costs and prejudgment interest;

d.    Award EL TORO exemplary damages;

e.    Award EL TORO damages for unjust enrichment;

f.    Award EL TORO attorneys' fees and costs in this action; and

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

g.    Award EL TORO all other relief this Court deems just and equitable, including but not limited to pre-judgment and post judgement interest.

### COUNT V
### VIOLATION OF FLORIDA UNIFORM TRADE SECRETS ACT
### AGAINST ORTEGA AND HERNANDEZ

132.    Plaintiff incorporates by reference paragraphs 1 through 67 of this Complaint as if fully set forth herein.

133.    This is an action for damages as a result of the violation of the Florida Uniform Trade Secrets Act, Fla. Stat. § 688.001, *et seq*., by Ms. Ortega and Mr. Hernandez.

134.    EL TORO took efforts to protect its Trade Secrets and to keep them secret.

135.    EL TORO's Trade Secrets are of significant value to EL TORO and are used by EL TORO in furtherance of its business.

136.    EL TORO's Trade Secrets are of advantage to EL TORO's business and provide EL TORO an opportunity to obtain an advantage over those who do not know or use EL TORO's Trade Secrets.

137.    EL TORO took measures to prevent its Trade Secrets from becoming available to persons other than those selected by EL TORO to have access thereto for limited purposes.

138.    Through the work performed by Ms. Ortega and Mr. Hernandez for EL TORO, they became aware of EL TORO's Trade Secrets.

139.    Without permission or authorization from EL TORO, Ms. Ortega and Mr. Hernandez misappropriated EL TORO's Trade Secrets and shared them with OUNZE.

140.    By selling EL TORO's trade secrets to OUNZE, Ms. Ortega and Mr. Hernandez knowingly used improper means to misappropriate EL TORO's Trade Secrets for their own economic benefit.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

141.    OUNZE is using EL TORO's Trade Secrets without EL TORO's permission or authorization.

142.    The conduct by Ms. Ortega and Mr. Hernandez is deliberate and willful and has been committed with the intent to cause confusion and mistake, to deceive the public and/or to misrepresent the affiliation, connection or sponsorship of OUNZE's goods and commercial activities with EL TORO's brand and restaurant.

143.    As a result of the ongoing unlawful activity by Ms. Ortega and Mr. Hernandez, EL TORO has suffered and continues to suffer irreparable harm and damages in an amount that is not presently ascertainable.

144.    Unless restrained and enjoined by this Court, such conduct will continue and will permit Ms. Ortega and Mr. Hernandez to misappropriate and use EL TORO's Trade Secrets to damage EL TORO business.

145.    Pursuant to Fla. Stat., § 688.004, EL TORO is entitled to exemplary damages.

146.    By engaging in the conduct described above, Ms. Ortega and Mr. Hernandez directly benefitted, including without limitation unjust benefits, from their unlawful dissemination of and misappropriation of EL TORO's Trade Secrets, brand, reputation, slogans and trade dress, and breached their fiduciary obligations or other obligations at law and equity.

147.    Ms. Ortega and Mr. Hernandez have unlawfully benefitted by utilizing and selling EL TORO's valuable business information to OUNZE which valuable business information became known only to them as a result of the work they performed for EL TORO.

148.    As a result, Ms. Ortega and Mr. Hernandez have been unjustly enriched by utilizing and selling EL TORO's valuable business information including, but not limited to, its Trade

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

Secrets, brand, reputation, slogans and trade dress, all which Plaintiff invested significant economic value and time into developing.

149. The circumstances render the retention of the benefit by Ms. Ortega and Mr. Hernandez inequitable unless they pay EL TORO the value of the benefit.

150. EL TORO is entitled to damages as a result of the unjust enrichment of Ms. Ortega and Mr. Hernandez.

**WHEREFORE**, Plaintiff, EL TORO LOCO CHURRASCARIA, LLC demands judgment against EDUARDO HERNANDEZ and CATALINA GAMBOA ORTEGA, and prays this Court grant the following:

a. Enter judgment that Ms. Ortega and Mr. Hernandez have violated Florida's Uniform Trade Secret Act;

b. Grant EL TORO preliminary and permanent injunctive relief enjoining Ms. Ortega and Mr. Hernandez from using and misappropriating EL TORO's Trade Secrets;

c. Award EL TORO monetary damages in an amount to be proven at trial, costs and prejudgment interest;

d. Award EL TORO exemplary damages;

e. Award EL TORO damages for unjust enrichment;

f. Award EL TORO attorneys' fees and costs in this action; and

g. Award EL TORO all other relief this Court deems just and equitable, including but not limited to pre-judgment and post judgment interest.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## COUNT VI
## UNFAIR COMPETITION PURSUANT TO FLORIDA LAW

151.    Plaintiffs incorporate by reference paragraphs 1 through 67 of this Complaint as if fully set forth herein.

152.    EL TORO's use of the restaurant design, business structure, menu, photos, recipes, and slogans, trademarks, logos, trade dress, marketing concepts and designs, menu items and food offerings predates any use by OUNZE of a similarly confusing service, trade marks, or trade dress and other marks, designs, marketing materials, and offerings.

153.    EL TORO's used its restaurant design, business structure, menu, photos, recipes, and slogans, trademarks, logos, trade dress, marketing concepts and designs, menu items and food offerings as a means of establishing good will and reputation and to identify particular goods made and sold by EL TORO to distinguish them from similar goods marketed by others.

154.    Through its association with such goods, EL TORO's tradename (or mark, etc.) has acquired a special significance as the name of the goods marketed by EL TORO in South Florida because EL TORO's tradename (or mark, etc.) is inherently distinctive.

155.    Mr. Hernandez and Ms. Ortega knew or should have known that they were not allowed to use, sell or share with anyone the unique EL TORO Menu and the marketing ideas along with the creation and design ideas.

156.    Upon information and belief, Mr. Hernandez and Ms. Ortega secretly approached OUNZE and its Ole.Ole Steakhouse restaurant and offered to sell the unique EL TORO Menu and the marketing ideas along with the creation and design ideas, for a fee.

157.    OUNZE knew or should have known that it was not allowed to buy, use or share the unique EL TORO Menu and the marketing ideas along with the creation and design ideas.

158.    Upon information and belief, OUNZE accepted the offer by Mr. Hernandez and Ms. Ortega to sell the unique EL TORO Menu and the marketing ideas along with the creation and design ideas, for a fee.

159.    OUNZE's aforementioned conduct was deceptive, fraudulent and intended to harm EL TORO's business.

160.    OUNZE is using the identical or confusingly similar tradename (or mark, etc.) to indicate or identify similar goods marketed by OUNZE in competition with EL TORO in the same trade area in which EL TORO has already established its tradename (or mark, etc.).

161.    OUNZE's actions in connection with its restaurant are likely to deceive and cause confusion and mistake among consumers and/or customers and potential consumers or customers as to the source and origin of the goods provided by OUNZE and the sponsorship, connection, or endorsement from EL TORO.

162.    EL TORO has not authorized, licensed or otherwise condoned or consented to OUNZE's use of the EL TORO's "brand."

163.    ETLC has not authorized, licensed or otherwise condoned or consented to OUNZE's use of its trademarks.

164.    OUNZE's conduct constitutes unfair competition under the common law of the State of Florida.

165.    OUNZE's conduct is deliberate, malicious, willful and committed with the intent to cause confusion and mistake, to deceive the public and/or misrepresent the affiliation, connection, or sponsorship of OUNZE's commercial activities with EL TORO.

166.    OUNZE will continue its acts of unfair competition, causing irreparable injury to Plaintiffs unless such activities are enjoined by this Court.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

167.    As a direct and proximate result of OUNZE's ongoing unlawful activities, Plaintiffs have and continue to suffer damages in amount that is not presently ascertainable.

**WHEREFORE**, Plaintiffs demands judgment against OUNZE, and pray this Court grant the following:

a.   Enter judgment that OUNZE has engaged in unfair competition under the common law of the State of Florida;

b.   Grant Plaintiffs preliminary and permanent injunctive relief enjoining OUNZE from engaging in unfair competition under the common law of the State of Florida;

c.   Award Plaintiffs monetary damages in an amount to be proven at trial, costs and prejudgment interest;

d.   Award Plaintiffs costs in this action;

e.   Award Plaintiffs all other relief this Court deems just and equitable, including but not limited to pre-judgment and post judgement interest.

## <u>JURY TRIAL DEMANDED</u>

Plaintiff demands a jury trial on all issues so triable.

Dated: July 6, 2021

 /s/ Lowell J. Kuvin
Lowell J, Kuvin, Esq.
Fla. Bar No.: 53072
lowell@kuvinlaw.com
Law Office of Lowell J. Kuvin
17 East Flagler St. Suite 223
Miami Florida 33131
Tele:   305.358.6800
*Attorneys for Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on July 6, 2021, I electronically filed the foregoing document via CM/ECF which will automatically send a copy to all registered counsel in this case.

<u>/s/ Lowell J. Kuvin</u>
Lowell J, Kuvin, Esq.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808